# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JONES, | 1:08-cv-00163-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR REMAND |
| v. | (Doc. 4.) |
| WARDEN JAMESYATES, et al., | OBJECTIONS, IF ANY, DUE IN 20 DAYS |
| Defendants. | |

**I.   RELEVANT PROCEDURAL HISTORY**

Gregory Jones ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action at the Fresno County Superior Court on December 12, 2007. (Case 07-CE-CG-04156.) The action was removed to federal court by the defendants and received by this court on February 1, 2008. (Docs. 1, 2.) On February 27, 2008, plaintiff filed a motion for the court to remand this action to the Fresno County Superior Court. (Doc. 4.) Defendants have not filed an opposition. The motion for remand is now before the court.

**II.   REMOVAL**

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the

1

plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975). However, under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### III.  DISCUSSION

Plaintiff argues that this action should be remanded to the Fresno County Superior Court in the interest of judicial economy because the case had already been placed on a case management schedule at the superior court when defendants removed the case. Although plaintiff's original complaint was primarily couched as claims under California state tort law, plaintiff also alleged violations of his rights under the Eighth Amendment to the United States Constitution and "deliberate indifferen[ce] to Plaintiff's medical needs," which reflects the federal standard for inadequate medical care under the Eighth Amendment. (Cmp. at 6-8.) Therefore, the court finds that the federal court had jurisdiction over the original complaint and the removal was proper. Moreover, in his request for remand, plaintiff states, "This is a civil action filed by the plaintiff alleging violations of State Tort laws and the U.S. Constitution amendment 8," which supports federal jurisdiction. (M for Remand at p 3 ¶1.) As for plaintiff's argument that the case should be remanded in the interest of judicial economy, this argument is not a sufficient reason to remand the case. As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of plaintiff's complaint. Gully, 299 U.S. at 112. Accordingly, plaintiff's motion for remand should be denied.

### IV.  CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for remand be DENIED.


These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 25, 2009**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE