# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREGORY JONES,

    Plaintiff,

    v.

FELIX IGBINOSA, et al.,

    Defendants.

CASE NO. 1:08-cv-00163-LJO-SKO PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION

(Doc. 13)

OBJECTIONS DUE WITHIN 30 DAYS

      Plaintiff Gregory Jones ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California Correctional Institution in Tehachapi, California. However, the events described in Plaintiff's amended complaint took place while he was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names James Yates (warden) and Felix Igbinosa (chief medical doctor) as defendants. For the reasons set forth below, the Court finds that Plaintiff's amended complaint fails to state any claims upon which relief can be granted under Section 1983. The Court further finds that the deficiencies in Plaintiff's complaint cannot be cured by further amendment of the complaint. The Court will recommend that Plaintiff's amended complaint be dismissed without leave to amend.

## I.   Screening Requirement

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

    **A.   Procedural Background**

This action was removed from the Fresno County Superior Court on February 1, 2008. (Doc. #1.) On August 6, 2009, this Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The Court found that Plaintiff's complaint failed to state any claims upon which relief could be granted under Section 1983. The Court dismissed Plaintiff's complaint, with leave to file an amended complaint that cured the deficiencies in his claims. Plaintiff filed his first amended

///

1 complaint on October 19, 2009. (Doc. #13.) This action proceeds on Plaintiff's first amended
2 complaint.

### B. Factual Background

Plaintiff complains that Defendants Yates and Igbinosa failed to give Plaintiff notice that he was living in an area where he had a high risk of contracting valley fever. Plaintiff contracted valley fever on February 6, 2006. Plaintiff claims that sometime between 2001 and 2006, Yates and Igbinosa knew that PVSP was located in an area with a high risk of contracting valley fever. Plaintiff contends that valley fever caused the deaths of inmates and staff at PVSP. Plaintiff further contends that the "Center of Disease and Control" informed Defendants that they should transfer "high risk" inmates out of the area due to the risk of valley fever. It is unclear which inmates are considered "high risk," though Plaintiff later alleges that "blacks afo-americans[sic] and filipinos[sic] are at greater risk of complications from the deadly disease." (Am. Compl. 19:19-13, ECF No. 13.)

Plaintiff states that he was prescribed difluca. Plaintiff complains that difluca is a medication that should not be prescribed for more than ninety (90) days and that Plaintiff's prolonged use of difluca resulted in a weakened immune system, causing him to contract pneumonia. Plaintiff also complains that his medical treatment was delayed after he contracted valley fever; however, he provides no details as to how his treatment was delayed, or what further injury was caused by the delay.

Plaintiff also alleges that after he requested a transfer, the "Administrative Classification Committee" told Plaintiff "to have the doctor's[sic] at (PVSP) to say[sic] transfer Plaintiff because of Plaintiff (valley fever) conditions an[sic] that Plaintiff should be transfer to another prison out of the epidemic (PVSP) area." (Am. Compl. 15:4-9, ECF No. 13.) Although, Plaintiff's allegations are not entirely clear, he appears to allege that the committee told him that he would only be transferred out of PVSP if a doctor recommended transfer.

### III. Discussion

Plaintiff claims that Defendants Yates and Igbinosa violated the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Eighth Amendment prohibits the imposition

of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on

deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

### A.   Defendants' Actions Did Not Constitute Deliberate Indifference

#### 1.   Exposure to Valley Fever

Plaintiff complains that his rights under the Eighth Amendment were violated because Defendants did not transfer Plaintiff from PVSP knowing that Plaintiff had a high risk of contracting valley fever at PVSP. However, the allegations in Plaintiff's amended complaint do not demonstrate that the risk posed by valley fever was "sufficiently serious"--i.e., that it was so serious that it rose to the level of an Eighth Amendment violation. Plaintiff does not allege that he suffered any serious life threatening complications from the disease. Plaintiff's complaint states that "[i]n most cases, the infection starts in the lungs and is usually handled by the body without permanent damages." (Am. Compl. 12:9-12, ECF No. 13.) Plaintiff alleges that he "suffered sinfficated pain and other problems that area associated with the disease." (Am. Compl. 19:13-19, ECF No. 13.) It is unclear what "sinfficated" means.

Although Plaintiff alleges that valley fever resulted in the deaths of some inmates and prison staff members, Plaintiff also alleges that Defendants were only warned to transfer "high risk" inmates from PVSP. Plaintiff does not allege that he was a "high risk" inmate. Plaintiff does not allege any facts that suggest Yates or Igbinosa knew that Plaintiff's health was seriously at risk. Neither Yates nor Igbinosa are alleged to have taken any action that could be characterized as the type of deliberate indifference that is actionable under the Eighth Amendment. Notably, Plaintiff does not allege that Yates or Igbinosa were directly involved with Plaintiff's transfer requests or

Plaintiff's medical treatment. Plaintiff's request to be transferred was handled by the "Administrative Classification Committee." The committee told Plaintiff that he would be transferred if a doctor recommended a transfer. Plaintiff does not allege that any doctor recommended a transfer.

The facts alleged do not describe deliberate indifference.

### 2. Delayed Medical Treatment/Difluca

Plaintiff also vaguely alleges that his medical treatment was delayed. It is unclear how it was delayed or what adverse effect the delay had on Plaintiff's health. Plaintiff also alleges that he was taking difluca for too long and it compromised Plaintiff's immune system and caused Plaintiff to contract pneumonia. However, Plaintiff does not allege any facts that suggest that either Yates or Igbinosa knew that Plaintiff was taking difluca for too long. Plaintiff does not allege that Yates or Igbinosa prescribed the difluca. Nor does Plaintiff allege that Yates or Igbinosa knew that Plaintiff's health would be at risk if they did not intervene and cut-off the difluca prescription. Thus, neither Yates nor Igbinosa are liable under Section 1983 for any health risks caused by the difluca. Plaintiff fails to state any cognizable claims against Defendants Yates or Igbinosa for the violation of Plaintiff's Eighth Amendment rights.

### IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to state any cognizable claims against Defendants Yates or Igbinosa for deliberate indifference in violation of the Eighth Amendment. The Court dismissed these same claims after screening Plaintiff's original complaint and informed Plaintiff of the deficiencies in his claims. Plaintiff was provided with the opportunity to amend and his amended complaint failed to remedy the deficiencies with his claims. The court finds that the deficiencies with Plaintiff's claims are not curable by further amendment of his complaint. The Court will recommend that Plaintiff's complaint be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies

in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's amended complaint be dismissed for failure to state a claim, without leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 16, 2010**                                  /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE